UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY SZOSTEK,   Civil Action No. 14-11531
                  Honorable Sean F. Cox
    Plaintiff,   Magistrate Judge Elizabeth A. Stafford

v.

NANCY A. BERRYHILL,
ACTING COMMISSIONER
OF SOCIAL SECURITY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION TO GRANT PETITIONER'S
APPLICATION FOR SECTION 406(b) ATTORNEY FEES [ECF NO. 20]**

**I. INTRODUCTION**

Miller Cohen, P.L.C., counsel for Plaintiff Jeffrey Szostek, seeks an award of $4,987.50 for attorney fees under 42 U.S.C. § 406(b) of the Social Security Act. [ECF No. 20]. The requested amount represents 19.95 hours of work expended by Miller Cohen on Szostek's behalf at an hourly rate of $250.00. The amount requested is well below the 25% of past due benefits, or $41,735.00, which Szostek agreed to pay Miller Cohen in their fee agreement, and which the Social Security Administration withheld from Szosteks's awarded benefits to account for any approved attorney fees.

[ECF No. 20-4; ECF No. 20-2, PageID 957]. The Commissioner does not object to an award in the amount Miller Cohen requests. [ECF No. 20]. The Court **RECOMMENDS** that Miller Cohen's motion be **GRANTED**, notwithstanding its failure to apply for attorney fees pursuant the Equal Access to Justice Act (EAJA).

## II. ANALYSIS

### A.

In Social Security cases, attorney's fees may be awarded under Section 406(b)(1)(A) of the Social Security Act and the EAJA (28 U.S.C. § 2412(d)). *Minor v. Commissioner of Social Security,* 826 F.3d 878, 880 (6th Cir. 2016)*.* Section 406(b) allows an attorney fee of up to 25% of past due benefits pursuant to contingency-fee agreements, but the amount must be tested for reasonableness. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002). There is a rebuttable presumption that a contingency-fee agreement with a cap of 25% is reasonable, and such an award should be reduced only when there is evidence of ineffectiveness or when an attorney would receive an inordinate unwarranted windfall*. Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014); *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1991). To avoid such windfalls, district courts are expressly authorized to consider the attorney's hours and

2

standard rates in reviewing the reasonableness of contingency fees. *Gisbrecht,* 535 U.S. at 808. It is established in the Sixth Circuit that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Parish v. Comm'r of, Soc. Sec.*, 2017 WL 3084371, at *2 (E.D. Mich. July 20, 2017) (quoting *Hayes*, 923 F.2d at 422).

**B.**

A significant difference between Section 406(b) and EAJA attorney fees is their source: "while fees awarded under 42 U.S.C. § 406(b) are deducted from a claimant's award of past-due Social Security benefits, the United States must pay fees awarded under the EAJA out of government funds." *Id.* at 881. The EAJA generally increases a successful Social Security claimant's portion of past-due benefits because "[f]ee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Gisbrecht*, 535 U.S. at 796 (quoting Act of Aug. 5, 1985, Pub.L. 99–80, § 3, 99 Stat. 186). *See also Drake v. Comm'r of Soc. Sec.*, 2016 WL 492704, at *1 (E.D. Mich.

3

Feb. 9, 2016) ("[T]he EAJA Savings Provision requires an attorney receiving two fee awards to refund the smaller award to his or her client.").

The EAJA allows a maximum attorney fee of $125.00 per hour. § 2412(d)(2)(A)(ii). A motion for an award of EAJA fees is due within 30 days of final judgment in the action, must itemize "the actual time expended and the rate at which fees and other expenses were computed," and must "allege that the position of the United States was not substantially justified." § 2142(d)(1)(B). *See also Astrue v. Ratliff*, 560 U.S. 586, 594 (2010). Here, Miller Cohen alleged in the motion for summary judgment that the Commissioner's decision was not substantially justified, [ECF No. 11, PageID 859], yet it did not file a motion for EAJA fees within 30 days of the final judgment with the required itemizations. It states in the motion for Section 406(b) attorney fees that it spent 19.95 hours on this case in this Court, [ECF No. 20-5, PageID 980], which would translate into an expected EAJA award of $2,493.75 (at $125.00 per hour). That amount would ordinarily be refunded to Szostek if the Court granted Miller Cohen's motion for Section 406(b) benefits. *Gisbrecht*, 535 U.S. at 796; *Drake*, 2016 WL 492704, at *1.

Courts have refused to award the full amount of the Section 406(b) fees without affording the plaintiff the benefit of the EAJA refund. *See Allen*

*v. Comm'r of Soc. Sec.*, 2012 WL 1596661, at *5 (S.D.N.Y. Apr. 27, 2012), *report and recommendation adopted*, 2013 WL 6331727 (S.D.N.Y. Dec. 5, 2013); *Dickey v. Colvin*, 2016 WL 7383870, at *4 (W.D. La. Nov. 29, 2016), *report and recommendation adopted*, 2016 WL 7388399 (W.D. La. Dec. 20, 2016) (collecting cases). "To prevent plaintiffs from being penalized as a result of counsels' failures to apply for EAJA fees to which they were entitled, courts have either reduced the Subsection (b) award by an amount equal to the foregone EAJA fees, or taken counsels' failures to apply for EAJA fees into account in determining a reasonable fee for their services." *Allen*, 2012 WL 1596661, at *5.

In this case, Miller Cohen requests a fee award of $4,987.50, for 19.95 hours of attorney work at an hourly rate of $250. The requested fee reflects a substantial downward adjustment from the contracted 25% contingency fee of $41,735.00. Indeed, the requested award is only 12% of the full Section 406(b) amount withheld by the Commissioner, or roughly 3% of the past due benefits awarded Szostek. Miller Cohen thus tacitly acknowledges that it would reap an inappropriate windfall under the 25% contingency fee agreement given the unusually high recovery of past due benefits, and it seemingly intends the discounted fee to account for the fact that the EAJA fee was not pursued. [ECF No. 20, PageID 939]. The

5

requested fee accounts for the time actually spent on the case and the requested hourly rate is not inflated.[1]

Offsetting the uncollected EAJA fee from the already-reduced requested fee would cut Miller Cohen's compensation in half and result in a fee far below the standard hourly rate for disability benefits attorneys in Michigan. Under these circumstances, and when there has been no suggestion that Miller Cohen was ineffective, the Court finds that the reduced fee requested adequately accounts for Miller Cohen's failure to apply for EAJA fees such that no further reductions are necessary.

## III. CONCLUSION

For the preceding reasons, the Court **RECOMMENDS** that Miller Cohen's motion for 42 U.S.C. § 406(b) attorney fees be **GRANTED**, and

---

[1] A review of recent cases from this district reveals that an hourly rate of $250 to $500 is considered standard and that doubling and tripling that rate has been deemed appropriate for fees in disability benefits cases under *Hayes* and its progeny. *See Parish*, 2017 WL 3084371, at *2 (E.D. Mich. July 20, 2017); *Acosta v. Comm'r of Soc. Sec.*, 2017 WL 37200, at *1 (E.D. Mich. January 26, 2017); *Drenning v. Commr. of Soc. Sec.,* 2014 WL 4705113, at *4 (E.D. Mich. Sept. 21, 2014) (hypothetical rate of $691 is permissible because it is not more than twice the standard hourly rate of comparable attorneys in Michigan); *Castaneda v. Comm'r of Soc. Sec.*, 2013 WL 2285448, at *2 (E.D. Mich. May 23, 2013) (finding rate of approximately $600 per hour to be reasonable); *Hamilton v. Comm'r of Soc. Sec.*, 2011 WL 10620498, at *6 (E.D. Mich. Aug.15, 2011) (rate of $625 per hour).

that it be awarded $4,987.50.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: November 22, 2017

## **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and

Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 22, 2017.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
